In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Patrick Jay Wall, #16649, ) | |
| ) | Civil Action No. 9:07-01271-HMH-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Simon Major, Jr., Director of Sumter Lee ) | |
| Regional Detention Center, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## I. INTRODUCTION

The Plaintiff, Patrick J. Wall ("Plaintiff" or "Wall"), was a pre-trial detainee housed in the Sumter Lee Regional Detention Center ("SLRDC") at the time of events giving rise to this action.[1]  He has filed suit against the above-named defendant, Simon Major, Jr., Director of the SLRDC ("Defendant"), alleging a number of violations of his constitutional rights with respect to the conditions of confinement at SLRDC.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The Defendant has filed a motion for summary judgment.  [18]  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

---

[1] Plaintiff has since been transferred to the Turbeville Correctional Institution.  *See* Plaintiff's notice of change of address.  [11]

1

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal

construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.  PROCEDURAL HISTORY IN FEDERAL COURT

On May 1, 2007,[2] Plaintiff filed his verified Complaint[3] alleging that the Defendant violated his state and federal constitutional rights because the Plaintiff was being subjected to the following conditions at SLRDC:  (1) there is no law library; (2) the telephones do not work, so Plaintiff cannot contact his attorney or the Clerk of Court; (3) the shower and toilet facilities are inadequate because 40 inmates share one working shower and toilet; (4) SLRDC has failed to provide an adequate diet because no fruits or milk are served, and meat is served three times a week; (5) the detainees are given unsanitary drinking water because the water jug is located in a moldy area; (6) there is a risk of exposure to infectious diseases because 40 inmates use the same set of facial clippers; and (7) there is exposure to mold (due to water leaks in the heating/air ventilation) and (8) there are no fire extinguishers in the dorms, the sprinkler look like they will fall from the ceiling, and he has not been informed of the evacuation plan if a fire were to occur.  Finally, Plaintiff states he has submitted a

---

[2]  In the event that a limitations issue arises, the Plaintiff will have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (Prisoner s pleading was filed at the moment of delivery to prison authorities).

[3]  In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991).  Plaintiff has filed a verified Complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

grievance form regarding the above jail conditions, but has received no response.  Plaintiff requests "moderate compensation" and correction of the conditions he has identified in his complaint.  [1]

On September 6, 2007, an Answer was filed on behalf of the Defendant, which set forth a general denial of the allegations contained in the Complaint, and also asserted that Plaintiff had failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act.  [11]  On October 29, the Defendant filed a motion for summary judgment and a supporting memorandum with exhibits.  [18]  On October 30, 2007, the undersigned issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which notified the Plaintiff of the summary judgment procedure.[4]  [19]  On December 3, 2007, the Plaintiff filed his Response in opposition to the Defendant's motion for summary judgment.  [21]

## IV.  SUMMARY JUDGMENT STANDARD

The Defendant's motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[4] In *Roseboro v. Garrison*, the Fourth Circuit held that *pro se* Plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.

4

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. When Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82

S.Ct. 993, 8 L.Ed.2d 176 (1962).

## V.  DISCUSSION

### A.  Introduction

As a *pro se* litigant, Plaintiff's Complaint must be construed liberally by this court. Nevertheless, a careful review of all of the pleadings in this case has led this court to recommend, for the reasons set forth below, that this matter be dismissed without prejudice.

### B.  The Plaintiff Has Failed to Exhaust His Administrative Remedies

As a threshold reason for recommending dismissal of this action, the Plaintiff has failed to exhaust his administrative remedies.  The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.").  Thus, the PLRA requires prisoners bringing actions concerning prison conditions or other federal law to exhaust all available administrative remedies before suing in federal court.  *See Porter v. Nussle*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  *Jones v. Bock*, –U.S. –, 127 S.Ct. 910, 918-919, 166 L.Ed.2d 798 (2007) (*citing Porter*, 435 U.S. at 524).

In *Porter*, the Supreme Court emphasized that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.  Furthermore, *Porter* makes clear that the provisions in 42 U.S.C. § 1997e(a) applies to state prisoners.  *Porter*, 534 U.S. at 524.  The events alleged in the Plaintiff's Complaint are those which encompass "prison life," and therefore his case falls within the rule, articulated in *Porter*, that an inmate's exhaustion of administrative remedies is a prerequisite to filing suit.

The Defendant has the burden of showing that the Plaintiff failed to exhaust his administrative remedies.  *Anderson v. XYZ Corr. Health Services, Inc.,* 407 F.3d 674, 683 (4th Cir. 2005).  To meet this burden, the Defendant has provided the court with the affidavit of Daryl McGhaney, the assistant director at SLRDC ("McGhaney").  McGhaney reviewed the Plaintiff's grievance file and provided a copy of it to the Court.

The Plaintiff stated in his Complaint that he filed a grievance relating to the issues raised in his complaint, but that he did not receive a final institutional answer concerning the matter.[5]  McGhaney has stated in his affidavit that the Plaintiff has failed to grieve any of the conditions of his confinement before bringing this lawsuit.[6]  The Court has reviewed the grievances filed by the Plaintiff, and finds that they addressed issues regarding a spider bite, appointments with an eye doctor, and his transfer to another facility.  The only grievance that could be construed as remotely applicable to the issues raised in the Complaint is Grievance form 00423, which Plaintiff filed on April 24, 2007, and which requested copies of certain SLRDC policies.[7]  The grievance was processed appropriately, but the

---

[5] Complaint [1] at p. 2.

[6] Affidavit of Daryl McGhaney at ¶ 4.

[7] See Exhibit B to Affidavit of Daryl McGhaney at [18-4].

Plaintiff was transferred prior to receiving the copies he requested.[8]

The exhaustion requirement of the PLRA, 42 U.S.C. § 1997e, is strictly construed. While the Plaintiff may argue that any attempt to exhaust administrative remedies at this point would be futile, this court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Under the PLRA, the Plaintiff is required to file a grievance with the detention center, as well as exhaust all available administrative remedies, prior to filing suit in Federal Court. The Plaintiff did not file any grievances concerning the matters about which he complains in this action. Therefore, the Plaintiff's claims related to the conditions of confinement should be dismissed, pursuant to the Prison Litigation Reform Act, for failure to exhaust his administrative remedies.

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Plaintiff's Complaint should be dismissed without prejudice for failure to exhaust administrative remedies.

*[signature]*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

March 5, 2008
Charleston, South Carolina

---

[8] See Affidavit of Daryl McGhaney at ¶ 6.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).