IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Patrick Jay Wall, #16649, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:07-1271-HMH-GCK |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Simon Major, Jr., Director of Sumter | ) | |
| Lee Regional Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patrick Jay Wall ("Wall"), was a pre-trial detainee in the Sumter-Lee Regional Detention Center ("SLRDC") in Sumter, South Carolina, at the time of the events giving rise to this action. Wall is currently incarcerated in the Turbeville Correctional Institution in Turbeville, South Carolina. In his Report and Recommendation issued March 5, 2008, Magistrate Judge Kosko recommends dismissing the complaint without prejudice for failure to exhaust state remedies. For the reasons stated below, the court adopts the Report and Recommendation.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wall filed his complaint on May 1, 2007,[2] alleging violations to his civil rights because he was subjected to the following conditions while held as a pre-trial detainee at the SLRDC: (1) there was no law library; (2) the telephones did not work; (3) the shower and toilet facilities were inadequate because forty inmates shared one working shower and toilet; (4) the SLRDC failed to provide an adequate diet because no fruits or milk were served, and meat was served three times a week; (5) the detainees were given unsanitary drinking water because the water jug was located in a moldy area; (6) there was a risk of exposure to infectious diseases because forty inmates used the same set of facial clippers; (7) there was exposure to mold; and (8) there were no fire extinguishers in the dorms, the sprinklers looked like they would fall from the ceiling, and Wall was not informed of the fire evacuation plan. (Compl., generally.)

On October 29, 2007, the Defendant filed a motion for summary judgment. Magistrate Judge Kosko issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on October 30, 2007, notifying Wall of the summary judgment procedure. On December 3, 2007, Wall filed his response to the Defendant's motion. The Magistrate Judge entered his Report and Recommendation on March 6, 2008, recommending dismissing the complaint without prejudice for failure to exhaust his administrative remedies. (Report and Recommendation 7-8.)

## II. DISCUSSION OF LAW

Wall filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Wall's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Wall specifically objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedies." Bowman v. Haynes, 282 F. Supp. 2d 488, 490 (N.D. W. Va. 2003) (citing Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998)), aff'd No. 03-7116, 2004 WL 504839 (4th Cir. Mar. 16, 2004) (unpublished).

In his objections, Wall alleges that he submitted grievance forms regarding the above conditions of confinement but that his grievances were not returned or answered. (Objections 2.) However, Wall's objection fails to demonstrate that he exhausted his administrative remedies as required under the PLRA. To support his motion for summary judgment, the Defendant submitted the affidavit of Daryl F. McGhaney ("McGhaney"), the assistant director of the SLRDC. McGhaney reviewed Wall's grievance file and, with one possible exception, found no

record of any grievances regarding Wall's allegations in the instant action. (Def.s' Mem. Supp. Summ. J. (McGhaney Aff., generally).) In addition, McGhaney attached Wall's grievance file to his affidavit. (Id. (McGhaney Aff. Ex. B (Grievance Forms)).) As the Magistrate Judge noted, the only grievance that could possibly be construed as applicable to the issues raised in the complaint is Grievance/Request Form 00423, which Wall filed on April 24, 2007, requesting copies of SLRDC policies. According to McGhaney's affidavit and the grievance form, the grievance was processed appropriately, but Wall was transferred prior to receiving the requested policies. (Id. (McGhaney Aff. ¶ 8 & Ex. B (Grievance Forms 3)).) Further, the other two grievances Wall identifies as unanswered in his complaint, numbers 429 and 415, request medical care and glasses for a vision problem. (Compl. 6; Id. (McGhaney Aff. Ex. B (Grievance Forms 5-6)).)

"If administrative remedies are not available to an inmate, then the inmate cannot be required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (internal quotation marks omitted). As discussed above, the Defendant disputes that Wall filed any grievances, with one possible exception, relating to the allegations in the complaint. (Def.s' Mem. Supp. Summ. J. (McGhaney Aff., generally).) Further, Wall has presented no evidence that he filed any such grievances, and the grievances he specifically identifies as those which were not answered were either appropriately addressed or do not relate to any of the allegations in the complaint. (Id. (McGhaney Aff. Ex. B (Grievance Forms 5-6)).) In addition, the number of grievances included in Wall's file indicates that grievance procedures were available to him and that he knew how to properly file a grievance. (Id. (McGhaney Aff. Ex. B (Grievance Forms, generally)).) Based on the foregoing, Wall has failed to demonstrate that administrative remedies were unavailable to

him, and the court agrees with the Magistrate Judge that Wall failed to exhaust administrative remedies available to him. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that Wall's complaint is dismissed without prejudice.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
March 28, 2008

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.